UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA BARNES,<br><br>                     Plaintiff,<br>     v.<br><br>SEA MAR COMMUNITY HEALTH CENTERS,<br><br>                     Defendant. | Case No. 2:22-181-RSL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 13, 2022 |

This matter comes before the Court on plaintiff's Motion to Remand (Dkt. 10), defendant's Motion Requesting Hearing and Judicial Determination of 42 U.S.C. § 233(a) Immunity (Dkt. 21) and defendant's motion for stay (Dkt. 27). For the reasons set forth below, the undersigned recommends that the Court grant plaintiff's motion to remand (Dkt. 10). The Court should deny defendant's motion for hearing and judicial determination (Dkt. 21) and deny defendant's motion to stay (Dkt. 27).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed this action in state court on November 12, 2021, alleging claims arising under Washington state law. Dkt. 1-2, Complaint at 2-30. Plaintiff's complaint does not allege any federal claims. *Id.* On February 8, 2022, defendant notified the United States Department of Health and Human Services (HHS) of the litigation and requested certification that Sea Mar was acting within the scope of a

REPORT AND RECOMMENDATION - 1

1  deemed Public Health Services employee. Dkt. 10, Motion to Remand, at 2; Dkt. 19, Defendant's Amended Response, at 2. On February 11, 2022, the United States Attorney filed a notice pursuant to 42 U.S.C. § 233(l)(1) advising the court that the United States was considering whether the United States would intervene in the action. Dkt. 22, Notice of the United States In Support of Plaintiff's Motion to Remand, at 2-3.

On February 16, 2022, defendant filed a Notice of Removal. Dkt. 1. Defendant's Notice of Removal states that removal is proper under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and under the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233). Dkt. 1, at 3-4.

Plaintiff moved to remand. Dkt. 10. The United States has filed two notices advising the Court that the United States has determined defendant was not deemed a Public Health Service employee under 42 U.S.C. § 233 for purposes of this litigation. Dkt. 17, Notice of the United States Under 42 U.S.C. § 233(l)(1); Dkt. 22, Notice of the United States In Support of Plaintiff's Motion to Remand. The United States also notified the Court that the United States' position is that removal was procedurally improper in this action. Dkt. 17; Dkt. 22. Defendant has filed a response in opposition to plaintiff's motion. Dkt. 18, Defendant's Response; Dkt. 19 Defendant's Amended Response. Plaintiff has filed a reply in support of the motion to remand. Dkt. 20.

Defendant also filed a motion requesting a hearing to determine whether defendant is entitled to immunity under 42 U.S.C. § 233 based on its status as a Public Health Service employee and Federally Qualified Health Center. Dkt. 21. Plaintiff has opposed this motion. Dkt. 23. On April 15, 2022, defendant filed a motion to stay the pending deadlines and motions in this action, which plaintiff opposes. Dkt. 27, 28.

REPORT AND RECOMMENDATION - 2

DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1447(c) a plaintiff can move to remand to state court after removal, based on jurisdictional or procedural defects in removal. *Kamm v. ITEX Corp.*, 568 F.3d 752, 754-57 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court shall remand the case. 28 U.S.C. § 1447(c).

A. Federally Supported Health Centers Assistance Act – 42 U.S.C. § 233

The Court should find that removal of this action under 42 U.S.C. § 233 was procedurally deficient and 42 U.S.C. § 233 does not confer subject matter jurisdiction over this action.

Pursuant to the Federally Supported Health Centers Assistance Act, the "exclusive remedy for damages resulting from the performance of medical functions by employees of the U.S. Public Health Service acting within the scope of their employment is a claim against the United States under the [Federal Tort Claims Act]." *D.L. v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing 42 U.S.C. § 233(g)). To be covered under the Federal Tort Claims Act, the defendant seeking coverage must be deemed a Public Health Services employee. 42 U.S.C. § 233(g)(1).

42 U.S.C. § 233 provides two mechanisms to properly remove an action filed in state court that is covered under the Federal Tort Claims Act and the Federally Supported Health Centers Assistance Act. Removal in this action was not proper under

either mechanism. 42 U.S.C. § 233 does not confer subject matter jurisdiction over this action.

1. 42 U.S.C. § 233(c)

First, if the Attorney General certifies that the defendant was acting within the scope of the defendant's employment as a Public Health Services employee at the time of the incident underlying the litigation, the action must be removed *by the Attorney General* to the appropriate district court. 42 U.S.C. § 233(c). Removal is mandatory under this subsection at any time before trial and is only triggered by the Attorney General's certification that the defendant was an employee acting within the scope of their employment. *Id.*

Defendant did not remove this action under 42 U.S.C. § 233(c). This mechanism for removal was not available to plaintiff because the Attorney General did not certify that defendant was deemed a Public Health Services employee under Section 233. The United States informed the Court that whether defendant was deemed an employee of the Public Health Services was "under consideration." Dkt. 11, Notice of the United States, at 222-23. Section 233(c) "does not provide for removal upon notification that no decision has been reached." *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003). Further, even if the Attorney General had certified that defendant was an employee of the Public Health Services, defendant's notice of removal would still be improper because the Attorney General – not the defendant – must remove the action under Section 233(c).

REPORT AND RECOMMENDATION - 4

2. 42 U.S.C. § 233(l)(2)

After being notified of a litigation against certain federal entities, the Attorney General is required to – within 15 days after notification – make an appearance and advise the court whether the defendant is deemed a Public Health Services employee for purposes of Section 233 with respect to the litigation. *Sherman v. Sinha*, 843 Fed. Appx. 870, 872 (9th Cir. 2021) (citing 42 U.S.C. § 233(l)(1)). When there is an Attorney General's certification that the defendant is a Public Health Services employee for purposes of Section 233, the action must be removed under Section 233(c). *Allen*, 327 F.3d at 1294. But, where the Attorney General fails -- within 15 days of receiving notice -- to appear in state court, the defendant may petition to remove the case to the appropriate district court. 42 U.S.C. § 233(l)(2). If a defendant properly removes an action pursuant to Section 233(l)(2), the action is stayed until the district court conducts a hearing to determine the appropriate forum and procedure for the asserted claims. 42 U.S.C. § 233(l)(2).

Section 233(l)(2) does not apply to the situation in this case; that sub-section allows a defendant to remove the action *only* if the Attorney General fails to appear in State Court within 15 days after receiving notice of the litigation. Defendant states that defendant notified the United States of this action on February 8, 2022. Dkt. 19, Defendant's Amended Response, at 2. The United States appeared in the action and filed a notice on February 11, 2022 -- within 15 days of receiving notice. Dkt. 11, Notice of the United States, at 222-23. Because the United States appeared in state court within 15 days after receiving notice of the litigation, removal under Section 233(l)(2) is procedurally improper. Even if the United States had not appeared on February 11,

1  2022, removal under Section 233(l)(2) would still be premature because defendant
2  removed this action on February 16, 2022 – before the expiration of the government's
3  15-day period to appear in the action.
4      Defendant argues that removal was proper under Section 233(l)(2) because the
5  United States failed to advise the court whether defendant was a Public Health Services
6  employee as required by Section 233(l)(1), within 15 days of receiving notice of the
7  litigation. Dkt. 19, Defendant's Amended Response, at 4-5. Defendant contends that if
8  the United States fails to trigger Section 233(l)(1)'s removal provision, the defendant
9  has an absolute right to remove the action to the appropriate district court. *Id.*
10     Defendant's position is unsupported by the statutory language. 42 U.S.C. §
11 233(l)(1)-(l)(2); *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003). 42 U.S.C.
12 § 233(l)(2) only allows a defendant to remove an action to federal court when the
13 Attorney General fails to appear in the state court within 15 days of notice of the
14 litigation. The statute does not allow removal when the Attorney General properly
15 appears and informs the court that the United States is still determining whether the
16 defendant is an employee of the Public Health Services. 42 U.S.C. § 233(l)(2).
17     Further, the Ninth Circuit, in an unpublished opinion, has rejected defendant's
18 argument explaining that such a position "is contrary to the statutory scheme and
19 unworkable as a practical matter." *Sherman v. Sinha*, 843 Fed. Appx. 870, 872 (9th Cir.
20 2021). Allowing premature removal when the Attorney General has not made a final
21 decision regarding defendant's status as an employee would bypass the Attorney
22 General's statutory responsibility to make an initial determination on whether the
23
24
25

defendant is deemed a federal employee. *Id*. ("Providing the Attorney General with the opportunity to consider the issue is a prerequisite to federal jurisdiction.").

The Court should hold that removal of this action was procedurally improper under 42 U.S.C. § 233. Additionally, because the United States has determined that defendant was not a Public Health Services employee for purposes of this litigation, the Court does not have jurisdiction under the Federal Tort Claims Act. *Allen*, 327 F.3d at 1294 ("In order to be covered under the FTCA, an entity, an employee of the entity, or a contractor of the entity seeking coverage must been deemed an employee of PHS.") (citing 42 U.S.C. § 233(g)(1)(A). The Court should remand to state court because the United States District Court lacks subject matter jurisdiction over this action under the Federal Tort Claims Act and under the Federally Supported Health Centers Assistance Act. 42 U.S.C. § 233 (g).

B. <u>Motion to Stay</u>

Defendant argues that "[u]pon removal, this case is automatically stayed until the court conducts a 'hearing' to determine the proper forum or procedure and issues an order consistent with its determination – i.e., whether to substitute the United States or remand the case back to state court." Dkt. 19, Defendant's Amended Response, at 9. 42 U.S.C. § 233(l)(2) provides for an automatic stay when the Attorney General fails to appear in a state court action within 15 days of receiving notice of the state court action. Stay is only automatically when an action is properly removed under 42 U.S.C. § 233(l)(2). In this action, the United States appeared in the relevant state court action within 15 days of receiving notice. Because defendant did not properly remove this action under 42 U.S.C. § 233(l)(2), the automatic stay provision is not triggered.

1  Additionally, because the Court lacks jurisdiction over this action under 42 U.S.C. §

2  233(l)(2), stay is not warranted.

3  The Court should deny defendant's request to stay this action pending a hearing.

4  C.  Federal Officer Jurisdiction – 28 U.S.C. § 1442(a)(1)

5  Defendant argues that removal was also proper under 28 U.S.C. § 1442(a)(1)

6  because defendant's conduct was undertaken at the direction of a federal officer. Dkt.

7  19, Defendant's Amended Response, at 10-11. The Court should not consider the

8  merits of defendant's argument regarding 28 U.S.C. § 1442(a)(1) because defendant

9  has waived this jurisdictional basis.

10  Pursuant to 28 U.S.C. § 1446, a defendant removing an action from a state court

11  must file a notice of removal containing a statement of the grounds for removal. The

12  defendant seeking removal must do so within 30 days of being served with the

13  complaint. *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*,

14  213 F.3d 1108, 1117 (9th Cir. 2000). When a party fails to invoke a basis for jurisdiction

15  in their notice of removal, they waive any argument related to that basis. *City of Oakland*

16  *v. BP PLC*, 969 F.3d 895, 911 n. 12 (9th Cir. 2020). A party is not allowed to amend the

17  Notice of Removal to add a separate basis for removal jurisdiction after the 30-day

18  period to file a Notice of Removal. *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d 1117.

19  Plaintiff served the complaint on November 15, 2021. Dkt. 11, Declaration of

20  Service, at 21. Defendant filed the Notice of Removal on February 16, 2022. Dkt. 1.

21  Defendant failed to include 28 U.S.C. § 1442(a)(1) as a basis for removal. Dkt. 1. More

22  than 30 days have passed since plaintiff served the complaint on defendant and

23  defendant has not amended the Notice of Removal to include 28 U.S.C. § 1442(a)(1) as

24

25

a basis for removal. Accordingly, defendant has waived 28 U.S.C. § 1442(a)(1) as a basis for removal and cannot timely amend the Notice of Removal to add this alternative basis for jurisdiction.

The Court should decline to consider defendant's argument regarding 28 U.S.C. § 1442(a)(1) because defendant has waived this as a basis for jurisdiction.

D. Motion Requesting Hearing and Judicial Determination

Defendant has moved for a hearing to determine whether defendant is entitled to 42 U.S.C. § 233(a) immunity based on its status as a deemed Public Health Services employee. Dkt. 21. The Court should deny this motion because removal was procedurally improper under 42 U.S.C. § 233(l)(2) and the Court lacks subject matter jurisdiction over this action.

Defendant argues that because the United States did not make a certification decision within 15 days of being notified of this action "the procedures for a 'hearing' and "order" set forth in 42 U.S.C. § 233(l)(2) were triggered." Dkt. 21, Motion Requesting Hearing and Judicial Determination of 42 U.S.C. § 233(a), at 3-5.

The Court should reject this argument, because it undermines the Attorney General's statutorily required initial determination. *Sherman v. Sinha*, 843 Fed. Appx. 870, 873 (9th Cir. 2021). The Ninth Circuit held in *Sherman* that if the Attorney General appears in the case within 15 days of notice, then defendant must provide the Attorney General an opportunity to consider the issue before removal. *Id.* ("[T]he district court's jurisdiction is properly invoked only after the Attorney General has had an opportunity to determine whether the defendant is deemed a federal officer."). The Court should

decline to hold a hearing on the merits of defendant's alleged immunity under 42 U.S.C. § 233(a) because the Court lacks subject matter jurisdiction over this action.

Even if subject matter jurisdiction existed for this Court to consider defendant's motion, the defendant's argument should be rejected. Under the statutory framework, defendant is not allowed to challenge the Attorney General's negative determination by requesting the Court consider the merits of defendant's alleged immunity.

42 U.S.C. § 233(l)(2) does not provide a procedure for a defendant to challenge the Attorney General's negative coverage determination. "[T]he FSHCAA text and legislative history show that the removal remedy under § 233(l)(2) was not designed to afford independent district court review of the Secretary's negative coverage determination." *El Rio Santa Cruz Neighborhood Health Ctr. v. United States HHS*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). 42 U.S.C. § 233(l)(2). The Attorney General appeared in the underlying state court action within 15 days of receiving notice. Accordingly, such a hearing is unavailable to defendant, because the statute only allows for a hearing on the merits of defendant's immunity when the Attorney General fails to appear in the state court action within 15 days of receiving notice.

Defendant cites to *Hui v. Castaneda*, 559 U.S. 799 (2010). In *Hui* the plaintiff filed a *Bivens* action against the defendants in federal court. *Hui*, 559 U.S. at 803-05. The Court explained that Section 233(c) and 233(l) provided a certification procedure for cases originally filed in state court. *Id.* at 810 n. 9. The Court held that because the action was originally filed in federal court, the defendant alleging 233(a) immunity could prove that the immunity applied pursuant to the ordinary rules of evidence and procedure. *Id.* at 811.

REPORT AND RECOMMENDATION - 10

*Hui* is inapplicable to this action because in *Hui* the case was initially filed in federal court and the district court had federal question jurisdiction over the case to determine the merits of the defendant's immunity. *Id.* As the Court noted in *Hui*, Section 233 provides the mechanisms for proper removal of a case in state court pursuant to Section 233. Because none of these mechanisms allowed for the proper removal of the action in this case, the Court lacks subject matter jurisdiction to consider defendant's motion.

Defendant also relies on a number of district court decisions. Dkt. 21, Motion Requesting Hearing and Judicial Determination of 42 U.S.C. § 233(a) Immunity, at 3-5. Defendant cites *Friedenberg v. Lane Cty.*, 2018 U.S. Dist. LEXIS 86608 (D. Or., May, 23, 2018) and *Smith v. Harbison*, 446 F. Supp. 3d 1331 (M.D. Ga., 2020). In both cases, the Attorney General failed to appear in the state court action within 15 days of receiving notice, thus triggering removal under Section 233(l)(2). In the instant case, the Attorney General appeared in the underlying state court action within 15 days of receiving notice. Thus, removal under Section 233(l)(2) was not available to defendant.

Finally, defendant cites to *C.K. v. United States*, 2020 U.S. Dist. LEXIS 211658 (S.D. Cal., Nov. 12, 2020). This case is also inapplicable to this action because the plaintiff in *C.K.* filed the original complaint in federal court alleging claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1986. The Court had federal question jurisdiction and defendant did not rely on the removal provisions set forth in Section 233 to establish jurisdiction.

Based on the foregoing, the Court should deny defendant's motion for hearing and should decline to consider the merits of defendant's asserted immunity under 42 U.S.C. § 233(a).

E.  Motion to Stay Pending Motions and Rule 26 Deadlines (Dkt. 27)

On April 15, 2022, defendant filed a motion to stay the pending motions and deadlines in this action. The Court should decline to consider this motion because the Court lacks subject matter jurisdiction and should remand this action to state court.

CONCLUSION

For the reasons set forth herein, the Court does not have proper subject matter jurisdiction over this action under 28 U.S.C. § 1346(b), 42 U.S.C. § 233 and 28 U.S.C. § 1442(a)(1). Defendant does not identify any other grounds for the Court's subject matter jurisdiction. The Court should grant plaintiff's motion to remand (Dkt. 10) and remand this action to the King County Superior Court. The Court should deny defendant's motion requesting hearing and judicial determination (Dkt. 21) and deny defendant's motion to stay pending motions and Rule 26 disclosure deadlines (Dkt. 27).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on May 13, 2022.

Dated this 27th day of April, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13